William H. ARMSTRONG, Jr., Plaintiff,

v.

CONTINENTAL ASSURANCE COMPANY and Republic Realty Mortgage Corporation, Defendants.

No. 75–1172 C(3).

United States District Court,
E. D. Missouri, E. D.

June 5, 1978.
On Motion to Alter or Amend
June 15, 1978.

John J. Cole and Theodore H. Hellmuth, St. Louis, Mo., for plaintiff.

F. William McCalpin and John J. Gazzoli, Jr., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Continental Assurance Co.

Donald J. Stohr and David Wells, Thompson & Mitchell, St. Louis, Mo., for defendant Republic Realty Mortg. Corp.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motions of defendants Continental Assurance Company ["CAC"] and Republic Realty Mortgage Corporation ["Republic"] for judgment notwithstanding the verdict or in the alternative for a new trial. Plaintiff brought this suit seeking to recover damages resulting from the failure of defendant CAC to provide third-level funding. Plaintiff also sought a damage recovery against defendant Republic for its breach of fiduciary duty in connection with the loan. After trial to a jury, judgment was entered in accordance with the jury verdict. Plaintiff was awarded $251,815.00 against CAC. Plaintiff was also awarded actual damages in the amount of $75,000.00 and punitive damages in the amount of $125,000.00 against defendant Republic.

The Court has carefully reviewed the motions filed herein and is of the opinion that only one issue raised merits discussion. De-

fendant Republic argues that "[t]here was no evidence from which the jury could find that any acts or omissions of this Defendant were the direct and proximate cause of any damages sustained by Plaintiff". With the exception of $14,000.00, representing a loan commitment fee paid by plaintiff to Republic, this Court agrees.

■ The crux of plaintiff's complaint against Republic was that Republic, as agent for plaintiff, breached its fiduciary duties thus causing and contributing to the decision by CAC not to provide third-level funding. The evidence, however, establishes that the decision not to fund was made by CAC alone, and was not the result of any action or inaction on the part of Republic. In fact, the evidence revealed that a CAC executive (Gerboth) made some effort to persuade his superior (Winkler) on plaintiff's behalf but was unsuccessful. From the evidence adduced, it is clear that any action or inaction on the part of Republic had no impact whatsoever upon CAC's decision not to fund. Accordingly, Republic can not be liable for damages resulting from CAC's refusal to provide third-level funding. Cf., Tri-Continental Leasing Co. v. Neidhardt, 540 S.W.2d 210 (Mo.App.1976) (setting forth the "but for" test for causation for a claim of tortious interference with a contract).

■ There appears to be no dispute, however, in light of the jury verdict in plaintiff's favor, that plaintiff is entitled to a return of the loan commitment fee in the amount of $14,000.00. Any damage award in excess of said sum is simply not supported by the evidence. Plaintiff failed to adduce evidence of other damages which resulted from any breach of fiduciary duty by Republic. Cf., Porterfield v. Burger King, 540 F.2d 398 (8th Cir. 1976).

■ Plaintiff argues that he is also entitled to recover $9,000.00 from Republic, representing half of a prepayment penalty fee paid by plaintiff. The penalty fee in the amount of $18,000.00 was paid to CAC although the evidence established that Republic received half of the fee, or $9,000.00,

from CAC. The amount of the actual damages awarded to plaintiff against CAC represents, with the exception of the loan commitment fee, the entire amount of actual damages sought by plaintiff herein. Plaintiff's exhibit PX 253 set forth the major thrust of plaintiff's claim for actual damages and was used prominently during the trial. It is obvious from this exhibit that the total actual damages sought, except for the loan commitment fee, totalled $251,-815.00, the amount awarded against CAC. The entire amount of the penalty fee, $18,-000.00, is included in the computation set forth in exhibit PX 253. Further, the jury was instructed that the total amount of the damage claim, except for the $14,000.00 loan commitment fee, was $251,851.00. Plaintiff was awarded such sum against CAC and thus has already recovered from CAC the entire amount which plaintiff paid as a penalty fee. Thus, plaintiff can not recover any part of such fee from Republic. Kassman v. American University, 178 U.S. App.D.C. 263, 267, 546 F.2d 1029, 1033 (1976).

It is the Court's conclusion that the remainder of the issues raised by these motions do not warrant discussion herein. CAC's motion for judgment notwithstanding the verdict will be denied. Republic's motion for judgment notwithstanding the verdict will be granted in part. The alternative motions for new trial will be denied, the Court being of the opinion that the record is devoid of prejudicial error and that it does not appear that substantial justice has not been done.

Appropriate orders will issue.

## ON MOTIONS TO ALTER OR AMEND

Plaintiff William H. Armstrong, Jr. and defendant Republic Realty Mortgage Corporation have both filed motions to alter or amend the June 5, 1978 order of this Court. Following trial to a jury, plaintiff was awarded $251,815.00 against defendant Continental Assurance Company, and actual damages in the amount of $75,000.00 and punitive damages in the amount of $125,-000.00 against defendant Republic Realty

Mortgage Corporation. By order of this Court dated June 5, 1978, upon motions of defendants herein, this Court ordered that plaintiff recover only $14,000.00 in actual damages against defendant Republic Realty Mortgage Corporation.

At issue in the instant motions is the effect of the June 5, 1978 order upon the award of punitive damages. As the order of June 5, 1978 makes clear, reference to damages contained in the accompanying memorandum was to actual damages. There was no intention on the part of this Court to disturb the award of punitive damages. In order to clarify the June 5, 1978 order, this Court will issue an order modifying the same.